UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
BRIAN BRUNO,

                Petitioner,

        -against-

UNITED STATES OF AMERICA,

                Respondent.
-------------------------------------------------------------X

**FILED**
**CLERK**

4/10/2026 11:18 am

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

**MEMORANDUM AND ORDER**
23-CR-173 (GRB)

**GARY R. BROWN, United States District Judge:**

Petitioner Brian Bruno, convicted for his participation in egregious child sexual abuse-related activities, files the instant motion pursuant to 28 U.S.C. §2255, seeking to vacate his sentence of 280 months and moving for resentencing and/or retrial. Because Bruno raises no meritorious grounds to challenge the plea, conviction or sentence, the petition is DENIED in all respects.

**Background**

On April 20, 2023, a grand jury indicted Bruno in a five-count indictment, including alleged sexual exploitation of a child, in violation of 18 U.S.C. § 2251(a), three counts of receipt of child pornography, in violation of 18 U.S.C. § 2252(a)(2), and possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B). On October 11, 2024 – some eighteen months later – Bruno pled guilty before the undersigned to the first count charging sexual exploitation of a child under §2251(a). During a lengthy plea colloquy, Bruno stated under oath that he fully understood his rights, the nature of the charges and the consequences of taking a plea. He ultimately allocuted to exchanging photos with a 12-year-old girl via text and soliciting her to send him sexually explicit photographs of herself. Docket Entry ("DE") 51-1. The

1

Government further described the evidence that would be introduced at trial, including sexually explicit still images and videos of the 12-year-old victim, and many others, seized from Bruno, as well as Bruno's substantial post-arrest admissions. *Id.* at 19-20. Finding there was a factual basis for the plea, the Court accepted Bruno's guilty plea.

Following a pre-sentence investigation and report from the Probation Department, the matter proceeded to sentencing on March 21, 2025. In advance of that sentencing, Melvin Roth, Esq. and Stephen Dodato, Esq., attorneys for Bruno, submitted a detailed filing on his behalf. As the Court observed at sentencing, that sentencing memorandum included "a psychiatric report" as well as letters of support. DE 51-2 at 3. Over the Government's objection, the Court reduced the U.S. Sentencing Guidelines Commission range by two levels, removing the enhancement for use of a computer. *Id.* at 4-5. The Court noted that at the time of the enactment of the Guidelines, use of a computer was unusual, but has become so ubiquitous in child pornography offenses that the enhancement no longer seems warranted. *Id.* at 5. After considering the statutory maximum, the operative advisory Guidelines range became 292 to 360 months. *Id.* at 6.

Bruno's defense team, principally led by Melvin Roth, an attorney well known to – and respected by – this Court, made an impassioned plea for leniency, citing, among other issues, community support, alcoholism, drug addiction and the harsh conditions of confinement at MDC. *Id.* at 9-11. The Court noted that, based on his presentation and submissions, including the submission of a psychiatric mitigation report, Bruno's attorney "did an extraordinary job." *Id.* at 16.

In sentencing Bruno, however, the Court was confronted with troubling issues, including questions regarding the veracity of his expressions of remorse, his involvement in child

pornography possession, production and electronic predation as well as some indication of physical molestation of children. *Id.* at 15-17. At the same time, the Court recognized the mitigating effects of undiagnosed mental illness, addiction issues and the conditions at MDC. *Id.* at 17. Balancing these issues, the Court imposed an incarceratory sentence of 280 months, which was below the advisory USSG range.

**The Petition**

In his *pro se* petition brought pursuant to 28 U.S.C. §2255, Bruno (1) claims ineffective assistance of counsel, specifically concerning advice rendered at the change of plea hearing, failure to make a suppression motion and failure to submit mitigation evidence at sentencing; (2) contends that his plea was involuntary; (3) argues that the count of conviction was "overcharged"; and (4) claims discovery violations by the prosecution.

**Discussion**

*Standard of Review*

Section 2255 of Title 28, United States Code, allows federal prisoners to challenge the constitutionality of their sentences. This section provides, in pertinent part, that:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). To qualify for relief under § 2255, the petitioner must demonstrate "a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes a fundamental defect which inherently results in complete miscarriage of justice." *Graziano v. United States,* 83 F.3d 587, 590 (2d Cir. 1996) (quoting *United States*

3

*v. Bokun*, 73 F.3d 8, 12 (2d Cir. 1995)).  And as Bruno is representing himself *pro se,* the Court has, of course, viewed his submissions with the solicitude required in such circumstances.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *cf. Box v. Lilley,* 125 F.4th 620, 622-23 (2d Cir. 2024).

A petitioner claiming ineffective assistance of counsel "must show that (1) counsel's performance was objectively deficient, and (2) petitioner was actually prejudiced as a result." *Harrington v. United States,* 689 F.3d 124, 129 (2d Cir. 2012) (citing *Strickland v. Washington*, 466 U.S. 668, 687-88, 692-93 (1984)).  The burden of showing ineffective assistance is "a heavy one because, at the first step of analysis, [a court] must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.*

"The determinative question at this step is not whether counsel 'deviated from best practices or most common custom,' but whether his 'representation amounted to incompetence under prevailing professional norms.'" *Id.* at 129-30 (quoting *Harrington v. Richter*, 562 U.S. 86, 105 (2011)).  The standard for evaluating the adequacy of counsel's representation is "a most deferential one," *Harrington,* 562 U.S. at 105, because "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *United States v. Thomas,* 608 F. App'x 36, 38 (2d Cir. 2015) (quoting *Strickland*, 466 U.S. at 690).

Should petitioner clear this first hurdle by demonstrating ineffective performance by counsel, prevailing on a § 2255 petition then requires demonstration of actual prejudice flowing from identified errors.  "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland,* 466 U.S. at 694.  "[T]he question to be asked in assessing the prejudice from counsel's errors . . . is whether there is a reasonable probability that,

4

absent the errors, the factfinder would have had a reasonable doubt respecting guilt." *Henry v. Poole,* 409 F.3d 48, 63-64 (2d Cir. 2005) (quoting *Strickland,* 466 U.S. at 695). "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Lindstadt v. Kean,* 239 F.3d 191, 204 (2d Cir. 2001) (quoting *Strickland,* 466 U.S. at 691). Where, as here, petitioner challenges sentencing, the prejudice prong mandates that petitioner show either that counsel's errors "suffice to undermine [ ] confidence in the outcome of [the] original sentencing," *Gonzalez v. United States,* 722 F.3d 118, 136 (2d Cir. 2013), or "would have changed [ ] the sentence imposed." *Strickland,* 466 U.S. at 700.

*Analysis*

In terms of ineffective assistance, petitioner does not even come close to satisfying the demanding standards imposed by *Strickland.* Take, for example, petitioner's contention – presented in some detail – that his counsel ordered and paid for a psychological mitigation report but then failed to submit it to the Court. Such inaction *might* be worthy of some consideration, were these allegations not entirely false. The Psychosexual Report prepared by a forensic psychologist and obtained by his counsel appears on the docket at DE 38-3 and was substantively discussed in the filings and at the sentencing hearing. DE 51-2 at 3, 16. And the Court cited undiagnosed mental health issues as one of several mitigative grounds for its below-Guidelines sentence. *Id.* at 17.

Similarly, petitioner's conclusory allegations that the plea was unknowing and involuntary are plainly belied by the plea transcript, in which petitioner acknowledged under oath that he fully understood the charges (which were discussed with him), and was not being compelled, threatened or made promises to take the plea.

And contrary to the suggestion that Bruno's attorney was ineffective, the record demonstrates instances of effective advocacy by his counsel. This not only includes the Court's contemporaneous, unsolicited observation that his attorneys had done "an extraordinary job," *Id.* at 16, but extends to the litigation over the Guidelines level: his attorney persuaded the Court to lower the U.S.S.G. range by two levels based on the computer enhancement and convinced the undersigned to impose a sentence below that modified Guidelines range based on arguments including the conditions of confinement. Thus, the Court finds that petitioner's claims of ineffective assistance are without merit, and petitioner cannot demonstrate prejudice from any alleged errors. Accordingly, Therefore, Bruno's claims of ineffective assistance fail.

Similarly, Bruno's claims related to alleged discovery violations, mischarging and failure to move for suppression appear to have no basis in fact or law and therefore cannot form the basis for relief under § 2255.

**CONCLUSION**

Because the Court has considered all of petitioner's arguments and found them meritless, the petition is DENIED in its entirety.

A certificate of appealability shall not issue because petitioner has not identified a colorable denial of any constitutional right. See 28 U.S.C. § 2253(c)(2). The Court certifies that any appeal of this Order as to those issues would not be taken in good faith, and thus *in forma pauperis* status is denied for the purposes of any appeal on those grounds. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of the Court is respectfully directed to mail a copy of this Order to petitioner and to close the case.

**SO ORDERED.**

Dated: April 10, 2026
      Central Islip, New York

*/s/ Gary R. Brown*
HON. GARY R. BROWN
UNITED STATES DISTRICT JUDGE